Case 4:18-cv-00557 Document 40 Filed on 11/05/18 in TXSD Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
November 05, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT
OF TEXAS HOUSTON DIVISION

| | |
|---|---|
| MICHEL THOMAS, § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. 4:18-CV-0557 |
| § | |
| GRUNDFOS, CBS *et al.*, § | |
| *Defendants*. § | |

MEMORANDUM AND RECOMMENDATION

This case is before the court on Defendants' Mads Nipper and Henrik Christiansen's Motion to Dismiss for Lack of Personal Jurisdiction and for Failure to State a Claim (Dkt. 35). Having considered the parties' submissions and the law, the court recommends that Defendants' motion to dismiss for lack of personal jurisdiction be granted.

I.     BACKGROUND

Plaintiff Michel Thomas has filed a lawsuit against Grundfos,[1] Grundfos CBS, and Grundfos Americas for employment discrimination and retaliation under Title VII and the Texas Labor Code. *See* Dkt. 32 (Second Amended Complaint[2]). Plaintiff has also sued multiple individuals, including Mads Nipper and Henrik Christiansen, alleging race-based discrimination under 42 U.S.C. § 1981 and "negligent supervision." *Id.* Defendants Mads Nipper and Henrick Christiansen, residents of Denmark, move to dismiss all claims against them based on lack of personal jurisdiction and failure to state a claim.[3] Because this court does not have personal jurisdiction

---

[1] A related suit against Link Staffing and other individuals is also pending in this court. *See Thomas v. Link Staffing*, Civil Action No. H-17-CV-3902.

[2] Thomas has styled this as his "Second Amended Verified Complaint," but it is actually his third Complaint. *See* Dkts. 1, 6.

[3] Nipper and Christiansen do not concede that Plaintiff properly served them by having a summons delivered to their place of work in Bjerringbro, Denmark, (*see* Dkts. 20, 22), but argue that even assuming proper service, the undisputed facts establish the court's lack of personal jurisdiction. Dkt. 35 at 2.

over Nipper and Christiansen, the court recommends that this case be dismissed without prejudice[4] and does not consider the Rule 12(b)(6) arguments.

## II. ANALYSIS

### A. Personal Jurisdiction Standards

A defendant may challenge a court's jurisdiction over his person by moving for dismissal under Rule 12(b)(2) of the Federal Rules of Civil Procedure. *See* FED. R. CIV. PRO. 12(b)(2). If a defendant does so, the plaintiff bears the burden to demonstrate the court has jurisdiction over the defendant.[5] *Johnson v. MultidataSys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). Unless the court holds an evidentiary hearing, the plaintiff need only establish a prima facie case of jurisdiction. *See id.* (citing *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994).

A prima facie showing of personal jurisdiction may be established by the pleadings, depositions, affidavits, or exhibits of record. *Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 625 (5th Cir. 1999). The court must accept as true the party's uncontroverted allegations and resolve any factual conflicts in favor of the party seeking to invoke the court's jurisdiction. *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000). The law, however, does not require the court to credit conclusory allegations, even if uncontroverted. *Panda Brandywine Corp. v.*

---

[4] *Saudi v. S/T Marine Atl.*, 159 F. Supp. 2d 505, 509 n.1 (S.D. Tex. 2000) ("A dismissal for lack of personal jurisdiction is not a dismissal on the merits and must therefore be without prejudice.").

[5] Defendants move to dismiss for lack of personal jurisdiction under a traditional 14th Amendment analysis. *See* Dkt. 35. Thomas has asserted a federal cause of action under 42 U.S.C.§ 1981. Section 1981 does not contain a nationwide service of process provision. Federal Rule of Civil Procedure 4(k)(2) provides for nationwide service of process where a plaintiff has asserted a federal claim, there is no state that could exercise personal jurisdiction over the defendant, and the exercise of personal jurisdiction is consistent with due process. Here, Thomas had not plead jurisdiction under Federal Rule of Civil Procedure 4(k)(2) as required to invoke that provision. *Nagravision SA v. Gotech, Int'l Tech. Ltd.*, 882 F.3d 494, 499 (5th Cir. 2018), *pet. for cert. filed*, No. 18-119 (July 27, 2018) ("Nagravision had the initial burden to plead and prove the requisite contacts with the United States and plead Rule 4(k)(2)'s applicability."); *Finch Fund, FLP v. Horne*, 327 F. Supp. 3d 1007 (S.D. Tex. 2018), *appeal docketed*, No. 18-20449 (5th Cir. July 18, 2018) ("The plaintiff has the initial burden to plead and prove the requisite contacts with the United States and plead Rule 4(k)(2)'s applicability."). Only after a plaintiff meets this initial burden must a defendant affirmatively prove that there is a state where courts of general jurisdiction could properly exercise jurisdiction over the defendant. *Id.* Therefore, as Defendants' argue, this court will look to the Texas long-arm statute and defendants' minimum contacts with Texas to determine personal jurisdiction. *See* FED. RULE CIV. PRO. 4(k)(1)(A).

*Potomac Elec. Power Co.*, 253 F.3d 865, 868-69 (5th Cir. 2001). "After a plaintiff makes his prima facie case, the burden shifts to the defendant to present 'a compelling case that the presence of some other consideration would render jurisdiction unreasonable.'" *Digital Generation, Inc. v. Boring*, 869 F. Supp. 2d 761, 769 (N.D. Tex. 2012) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

"A federal court may exercise personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). "The Texas long-arm statute authorizes the exercise of jurisdiction over nonresidents 'doing business' in Texas," and "[t]he Texas Supreme Court has interpreted the 'doing business' requirement broadly, allowing the long-arm statute to reach as far as the federal constitution permits." *Grundle Lining Const. Corp. v. Adams County Asphalt, Inc.*, 85 F.3d 201, 204 (5th Cir. 1996) (citing *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990)). Thus, the jurisdictional inquiry under the Texas long-arm statute collapses into a single due process inquiry. *Ruston Gas Turbines v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir. 1993).

The two-part test for assertion of personal jurisdiction under the due process clause examines (1) whether a defendant "purposefully availed itself of the benefits and protections of the forum state by establishing 'minimum contacts' within the forum state," and (2) whether the assertion of personal jurisdiction would comport with "traditional notions of fair play and substantial justice." *Alpine View*, 25 F.3d at 215; *see also Burger King Corp.*, 471 U.S. at 476-77. Both prongs of the due process test must be fulfilled in order for this court to exercise personal jurisdiction over the defendants. The first prong of the personal jurisdiction test, referred to as the

"minimum contacts" requirement, may be satisfied if either: (1) the controversy is "related to" or "arises out of" the nonresident defendant's contacts with the forum ("specific jurisdiction"), or (2) the defendant has "continuous and systematic" contacts with the forum ("general jurisdiction"). *Alpine View*, 205 F.3d at 215; *Burger King Corp.*, 471 U.S. at 472-76; *Helicopteros Nacionales de Colombia A.A. v. Hall*, 466 U.S. 408, 413-17 (1984). Under the second prong of the personal jurisdiction test, the "fundamental fairness" requirement, a court examines: (1) the defendant's burden; (2) the forum state's interest; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the states' shared interest in furthering fundamental social policies. *See Wein Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999) (citing *Ruston Gas Turbines, Inc.*, 9 F.3d at 421).

### B. Thomas Cannot Meet his Prima Facie Burden to Show General Jurisdiction

Thomas has failed to meet his burden to present a prima facie case of general jurisdiction under Fifth Circuit law. Neither Defendant is a resident of Texas. Defendant Nipper is the Group President of Grundfos Holding A/S and lives and works in Bjerringbro, Denmark. Dkt. 35-1 at 2. Defendant Christiansen is the Group Senior Vice President of Grundfos Holding A/S and also lives and works in Bjerringbro, Denmark. Dkt. 35-2 at 2. They both attest that they do not own or lease property in Texas, do not maintain any bank accounts or funds in Texas, and have not personally negotiated any contracts in Texas. *Id.* Nipper and Christiansen also attest that they have never met, worked with, or supervised Thomas, or made any decision directly or indirectly affecting Thomas's assignment with Grundfos. Dkt. 35-1 at 2; Dkt. 35-2 at 2.

Thomas acknowledges that Nipper and Christiansen are residents of Denmark. Dkt. 37 at 2. Thomas does not contradict any of Nipper's or Christiansen's representations regarding the extent of their contacts with Texas, other than their representation that they have never met him.

Thomas contends that he met the two men at a Grundfos event in Brookshire, Texas in 2015. Dkt. 37 at 1-2. Nipper and Christiansen have submitted supplemental declarations stating that they do no recall meeting Thomas at the referenced event attended by close to 200 workers. In any event, Nipper's and Christiansen's attendance at a single event in Texas in 2015 does not support general jurisdiction. *See Crown Sterling, Inc. v. Clark*, 815 F. Supp. 199, 202 (N.D. Tex. 1993) ("isolated acts may not give rise to a nonresident's foreseeability of being haled into a distant forum . . ..", citing *Burger King Corp.*, 471 U.S. at 475 n.18)). Neither Thomas's Second Amended Complaint (Dkt. 32) nor his response to Defendants' motion (Dkt. 37) alleges any other general contacts by Nipper or Christiansen with Texas.

Under Fifth Circuit precedent, the facts of this case do not even present a close call as to whether the court can exercise personal jurisdiction over Nipper or Christiansen. The only evidence of Nipper's and Christiansen's individual contacts presented by Thomas is their presence at a 2015 company event. The presence of these Defendants at that event is the sort of "random, fortuitous, or attenuated contact[] which will not support an exercise of personal jurisdiction." *See Holt Oil & Gas, Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986) (internal quotations omitted). In *Holt*, the Fifth Circuit held that none of the defendant's various contacts with Texas, taken alone, would support an exercise of general jurisdiction, but the defendant's frequent journeys into Texas for personal and recreational purposes, extensive business dealings in Texas, travel to Texas for business purposes, ownership of real estate in Texas, and status as an investor and former director of a Texas corporation that had drilled for oil in Texas and been involved in litigation in Texas, when viewed *in toto*, constituted the kinds of continuous and systematic contacts required to satisfy the due process prong of the test for the exercise of personal jurisdiction. *Holt Oil & Gas*, 801 F.2d at 779. The contacts between Defendants Nipper and Christiansen and Texas are not nearly as

extensive as the contacts of the defendant in the *Holt* case. Thus, after consideration of the pleadings, exhibits, and the law, it is obvious that Thomas cannot state a prima facie case for general jurisdiction over Nipper or Christiansen.

### C. Thomas Cannot Meet his Prima Facie Burden to Show Specific Jurisdiction

Thomas fails to allege any adverse action by Nipper or Christiansen that could constitute discrimination or negligent supervision. *See* Dkt. 32. Thomas's only arguments in his response to the motion to dismiss for lack of personal jurisdiction are: (1) he met Nipper and Christiansen in 2015; (2) he sent correspondence about his complaints to Nipper and Christiansen and they failed to act; (3) that as executives of Grundfos Holding A/S they are responsible for all the acts of Grundfos CBS employees in Texas. By his own description, the 2015 meeting did not in any way relate to Thomas's work conditions or his discrimination complaints. *See* Dkt. 37 at 2. Nipper and Christiansen attest in their declarations that the "never worked with Mr. Thomas or supervised him during his assignment with Grundfos, and [] never made any decision that directly or indirectly affected the terms of his assignment with Grundfos or his employment with Stafflink, Inc. d/b/a Link Staffing Services." Dkt. 38-1 at 2; Dkt. 38-2 at 2. Thomas has submitted nothing to contradict those representations. Because Thomas's causes of action in this case do not arise out of or relate to any action by Nipper and/or Christiansen in Texas, Thomas cannot state a prima facie case for the exercise of specific jurisdiction over Nipper or Christiansen.

### D. The Exercise of Personal Jurisdiction Would Violate Traditional Notions of Fair Play and Substantial Justice

Because Thomas has failed to establish a prima facie case of personal jurisdiction by showing that Nipper and Christiansen have the requisite minimum contacts with Texas, it is not necessary to consider the second prong of the due process test, *i.e.*, whether the exercise of personal

jurisdiction comports with "traditional notions of fair play and substantial justice." Nonetheless, the court finds that the exercise of personal jurisdiction over the individual defendants would impose an undue burden on them. The individual defendants live in Denmark, work for a holding company that has a corporate connection to a company that appears to do business in Texas, have very few contacts with Texas (as discussed in paragraph II.B above), and had no involvement in the specific adverse action alleged by Thomas (as discussed in paragraph II.C above). To require them to defend themselves in this court simply because a corporation affiliated with their employer does business in Texas would offend traditional notions of fair play and substantial justice. *See Kisiel v. RAS Sec. Corp.*, No. 3:01-CV-294-X, 2001 WL 912425 at *5 (N.D. Tex. Aug. 9, 2001) ("Some courts have held that it offends notions of fair play and substantial justice to force employees, who conduct business by phone or mail in numerous states on behalf of their employers, to defend lawsuits in those states in their individual capacities."). The fact that exercising jurisdiction on these facts would violate traditional notions of fair play and substantial justice simply provides a basis in addition to the absence of specific or general contacts with Texas, for granting Defendants' motion to dismiss.

### III.    CONCLUSION AND RECOMMENDATION

For the reasons discussed above, the court recommends that Defendants' Motion to Dismiss (Dkt. 35) be GRANTED and Plaintiff's claims against Mads Nipper and Henrik Christiansen be DISMISSED without prejudice.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass*

*v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

      The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208; copies of any such objections shall be delivered to the chambers of Judge Lee H. Rosenthal, Room 11535, and to the chambers of the undersigned, Room 8608.

Signed on November 05, 2018, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge