United States District Court
Southern District of Texas
**ENTERED**
February 15, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHEL THOMAS, *Plaintiff,* § § § | |
| v. | § CIVIL ACTION NO. 4:18-CV-0557 |
| GRUNFOS, CBS, *et al.,* *Defendants.* § § § § | |

## MEMORANDUM AND RECOMMENDATION

This employment discrimination case is before the court on the Motion to Dismiss of Individual Defendants Jonathan Hamp-Adams, Thomas Brun Larsen, Paddi Riopelle, Chua Nguyen, Steve Marshall, Billy Baxter, Lonnie Palla, and Terry Jalufka (Individual Defendants). Dkt. 42.[1] Plaintiff filed a late response. *See* LOC. R. S.D. TEX. 7.3 (opposed motions will be submitted to the judge 21 days from filing), which the court has nonetheless considered. The court recommends that Individual Defendants' motion be granted, and the case against each of them be dismissed without prejudice.

I.  **Legal Standards for Service of Process and Rule 12(b)(5) Motion To Dismiss**

The court lacks personal jurisdiction over a defendant unless that defendant has been served with a summons and complaint in accordance with Federal Rule of Civil Procedure 4. *Kruger v. Hartsfield*, Civil Action No. 3:17-CV-01220, 2018 WL 2090743, *2 (N.D. Tex. April 13, 2018); *Hicks v. Dallas Cty. Community Colleges*, Civil Action No. 3:17-CV-809, 2018 WL 2271174 * 3 (N.D. Tex. April 25, 2018). Federal Rule of Civil Procedure 4(m) requires a plaintiff to effect service on defendants within 120 days after filing a complaint, unless the plaintiff can show good cause for the failure to do so. *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013).

---

[1] The district court has referred this matter to this magistrate judge for report and recommendation. Dkt. 29.

Neither a litigant's pro se status, nor ignorance of the Federal Rules of Civil Procedure, will excuse the failure to effect timely service on a defendant. *Id.*; *May v. Texas by Cascos*, Civil Action No. 5:16-cv-238, 2017 WL 7513550, at *2 (N.D. Tex. Nov. 27, 2017).

Federal Rule of Civil Procedure 12(b)(5) permits a named defendant to challenge proper service of the summons and complaint. Once a defendant raises a Rule 12(b)(5) challenge, the plaintiff must show that service was proper. *Kruger*, 2018 WL 2090743, at *2; *May*, 2017 WL 7513550, at *2. When ruling on a 12(b)(5) motion, the court enjoys broad discretion to dismiss the action without prejudice. *Kruger*, 2018 WL 2090743, at *4.

## II. Plaintiff Has Failed to Show Proper Service

Plaintiff filed his original complaint against Grundfos CBS and the Individual Defendants on February 23, 2018 and caused a summons to be issued for each of the Individual Defendants on May 11, 2018. The Return of Service form on file for each Individual Defendant states that a summons was served on "Ana Guel, who is designated by law to accept process on behalf of CT Corporation, Wolters Kluwer on 05/17/2018[.]" *See* Dkts. 11-18. Nothing on the Return of Service forms, in the record, or in Plaintiff's Response, demonstrates that Ana Guel is an agent authorized to accept service for any Individual Defendant. To the contrary, each of the Individual Defendants submitted a declaration stating that he does not have a registered agent for service of process, and that neither Ana Guel nor Wolters Kluwer are authorized to accept service on his behalf. *See* Declarations, Dkts. 42-1-42-9, 43.

Plaintiff's response to the Defendants' Rule 12(b)(5) motion includes copies of emails he sent to counsel for Grundfos in late April and early May, asking counsel to accept service on behalf of the Individual Defendants or, alternatively, to provide last known addresses. Dkt. 44, at 5-15.

Grundfos' counsel informed Plaintiff in an email that he did not have authority to accept service on behalf of any defendant named in the lawsuit. Dkt.. 44, at 11.

Plaintiff's response to the motion to dismiss fails to demonstrate any attempt to serve the Individual Defendants after May 17, 2018. On May 24, 2018 Plaintiff filed a motion for additional time to effect service, which the court granted on June 27, 2018. Dkt. 31. On June 29, 2018, Plaintiff filed a second motion for extension of time, and the court signed an order granting Plaintiff until August 23, 2018 to serve all Defendants. Dkt. 33. Also on June 29, 2018, Plaintiff left envelopes with the clerk's office at the federal court, noting that he did not have addresses for the individuals. Dkt. 34. After the August 23, 2018 deadline expired, Plaintiff did not request more time or ask for approval of a substituted method of service.

Plaintiff's pro se status and lack of knowledge of the Federal Rules of Civil Procedure do not constitute good cause to grant a third extension of time. Neither does Grundfos' counsel's failure to provide last known addresses for individuals constitute good cause for Plaintiff's failure to serve the Individual Defendants. Because Plaintiff has failed to show proper service or good cause for failing to timely serve the Individual Defendants, Plaintiff's claims against the Individual Defendants should be dismissed pursuant to Rule 12(b)(5). *See May*, 2017 WL 7513550, at *4 n.4. (noting that dismissal without prejudice was warranted where an extension of time was previously granted and pro se defendant still failed to comply with applicable rules); *Thrasher*, 709 F.3d at 512 ("In *Systems Signs Supplies v. U.S. Department of Justice, Washington, D.C.*, we held that the district court did not abuse its discretion in finding that a litigant failed to show good cause, despite the litigant's pro se status, his multiple attempts to serve defendants within the statutory period, and the fact that defendants has actual notice of the suit." (internal citations in footnotes omitted)).

### III. Conclusion and Recommendation

Plaintiff filed this case almost a year ago and has not served the Individual Defendants despite two extensions of time. Therefore, the court **RECOMMENDS** that Defendants' Rule 12(b)(5) motion to dismiss be **GRANTED** and this case be **DISMISSED** without prejudice.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208; copies of any such objections shall be delivered to the chambers of Judge Vanessa D. Gilmore, Room 9513, and to the chambers of the undersigned, Room 8608.

Signed on February 15, 2019, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge