United States District Court
Southern District of Texas

**ENTERED**

September 20, 2019

David J. Bradley, Clerk

UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT
OF TEXAS HOUSTON
DIVISION

| | | |
|---|---|---|
| MICHEL THOMAS, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:18-CV-0557 |
| | § | |
| GRUNDFOS, CBS *et al.*, | § | |
| *Defendants*. | § | |

## MEMORANDUM AND RECOMMENDATION

This case is before the court on Defendants Henrik Kirkelund Baek and Astrid Norgaard Friis's Motion to Dismiss Based on the Pleadings (Dkt. 60). Having considered the parties' submissions and the law, the Court recommends that Defendants' motion be granted.

### I.       Background

Plaintiff Michel Thomas sued Grundfos, Grundfos CBS, and Grundfos Americas for employment discrimination and retaliation under Title VII, 42 U.S.C. § 1981, and the Texas Labor Code. *See* Dkt. 32 at 2 (Second Amended Complaint).  Plaintiff's Second Amended Complaint includes claims against two individuals, Henrik Kirkelund Baek and Astrid Norgaard Friis, for retaliation under 42 U.S.C. § 1981 and negligent supervision.  *Id.*[1]  Baek and Friis now move to dismiss Thomas's claims against them.

### II.      Motion to Dismiss Standards

Defendants' Motion, filed after the filing of an answer, is properly considered as a motion to dismiss on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) ("After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the

---

[1] Thomas named twelve individuals as defendants in his Second Amended Complaint, but all other individual defendants have previously been dismissed.  Dkts. 41, 53.

pleadings."). The standard for review of a motion under Rule 12(c) is the same as the standard of review under Rule 12(b)(6). *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004); *Doe v. Myspace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). The Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir.2004)). However, only facts are entitled to an assumption of truth; legal conclusions unsupported by factual allegations do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). To survive a Rule 12(c) or 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Gonzalez v. Kay*, 577 F.3d 600, 603 (2009).

### III.   Analysis

#### A.  Individual liability under 42 U.S.C. § 1981

Defendants' move to dismiss Thomas's § 1981 claims because he has not sufficiently pled a basis for individual liability. The Fifth Circuit has held that an individual may be liable under § 1981 if the individual is "essentially the same" as the employer in exercising authority over the plaintiff. *Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 337 (5th Cir. 2003).

In *Foley*, the Fifth Circuit upheld the district court's denial of summary judgment for individual defendants because the court "found genuine issues of material fact as to whether the Appellants exercised control over the faculty positions and titles [at issue]. If so, the Appellants were 'essentially the same' as [the university] for purposes of the retaliatory conduct alleged in this case." 355 F.3d at 337. District courts within the Fifth Circuit have interpreted *Foley* as

2

recognizing individual liability under § 1981 for supervisors who exercise control over employment decisions and were personally involved in the complained-of conduct, but disallowing § 1981 claims against a mere co-worker. *See, e.g., Miller v. Wachovia Bank, N.A.*, 541 F. Supp. 2d 858, 862-63  (N.D. Tex. 2008) ("the cases that have addressed the issue suggest that a § 1981 suit against a mere coworker is invalid."); *Covalt v. Pintar*, No. CIV.A. H-07-1595, 2008 WL 2312651, at *7 (S.D. Tex. June 4, 2008) ("…Plaintiff's co-worker, was not a party to Plaintiff's employment contract, and there is no allegation that [she] was "essentially the same" as Defendant…when engaging in the alleged retaliatory or harassing acts.").  Other circuits also require the plaintiff to show that the individual had personal involvement in the alleged discriminatory or retaliatory acts in order to establish a § 1981 liability of an individual.  *See, e.g., Whidbee v. Garzarelli Food Specialities, Inc.*, 223 F.3d 62, 75 (2d Cir. 2000) (negligence in implementing a non-discrimination policy does constitute personal involvement or affirmative link necessary to support individual liability); *Flores v. City And Cty. Of Denver*, 30 F. App'x 816, 819 (10th Cir. 2002) ("an individual defendant can be held liable under § 1981 if the individual defendant was personally involved in the discriminatory conduct.").

Plaintiff's Second Amended Complaint does not allege that Baek or Friis were personally involved in any discriminatory or retaliatory actions against him.  *See* Dkt. 32.  The Complaint alleges:  (1) that "the investigation [of his internal complaint of discrimination] was conducted by Atrid [sic] Norgaard Fris [sic], and Henrik Baek from Grundfos corporate (*Id.* at 4);" (2)  "no investigation was done on the discrimination and retaliation issues by Atrid Norgaard Fris and Henrik Baek (*Id.* at 6); (3) "I contacted Hentik [sic] Baek by phone about the matter and nothing was done" (*Id.* at 8); and (4) "I informed Atrid Norgaard Fris and Henrik Baek of threat Billy

Baxter made to me . . ..." (*Id.* at 9).  While assumed to be true, these allegations fail to state a §

1981 race discrimination or retaliation claim against Baek and/or Friis individually.

### B.  Negligent supervision

Plaintiff's Second Amended Complaint asserts a cause of action against Baek and Friis for

negligent supervision.  *See* Dkt. 32 at 2. No allegations in the Second Amended Complaint support

such a claim against Baek and/or Friis.  Under Texas law, the duty to supervise employees is a

non-delegable duty of an employer.  *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996)

("corporate officers and agents are subject to personal liability for their actions within the

employment context only when they breach an independent duty of care.").  Thus, "A

supervisor's individual liability under state law arises only when the supervisor owes a duty of

reasonable care to the injured party that is independent of the employer's duty.  *Udoewa v. Plus4

Credit Union*, No. CIV A H-08-3054, 2009 WL 1856055, at *5 (S.D. Tex. June 29, 2009); *see

also Ameen v. Merck & Co., Inc.*, No. 05-20068, 226 F. App'x 363, 373 (5th Cir. 2007) (citing

*Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996)).  Thomas has not alleged Baek and Friis

owed a duty to supervise Grundfos employees that was independent of the corporate employer's

duty.  He has not alleged that Baek and Friis supervised any employee whose actions allegedly

harmed Thomas.  No allegations in the Second Amended Complaint plausibly allege that Baek

and Friis owed a duty of reasonable care to Thomas independent of the employer's duty.  Thus,

Thomas's negligent supervision claims against Baek and Friis must be dismissed.

### IV.    Conclusion and Recommendation

For the reasons stated above, the Court recommends that Defendants Henrik Kirkelun Baek

and Astrid Norgaard Friss's Motion to Dismiss (Dkt. 60) be GRANTED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on September 20, 2019, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge