United States District Court
Southern District of Texas
**ENTERED**
June 18, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHEL THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-18-557 |
| | § | |
| GRUNDFOS, CBS, *et al.*, | § | |
| | § | |
| Defendants, | § | |

**ORDER ADOPTING MEMORANDUM AND RECOMMENDATION**

This court has reviewed the Memorandum and Recommendation of Judge Christina Bryan signed on May 27, 2020, and made a *de novo* determination. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *United States v. Wilson*, 864 F.2d 1219 (5th Cir. 1989). Based on the record, the parties' briefs, and the applicable law, the court adopts the Memorandum and Recommendation as this court's Memorandum and Order. This court finds and concludes that: (1) Grundfos's motion for summary judgment was properly granted; and (2) the case is properly dismissed with prejudice.

Judge Bryan's recommendation to grant summary judgment is consistent with and supported by the applicable legal standards and the record evidence. For Thomas's age, race, and religious discrimination claims, the record does not support that Thomas suffered any adverse employment actions or that similarly situated employees outside his protected class were treated differently. As to Thomas's sexual harassment claims, the record shows no tangible employment action against Thomas, and it shows that Grundfos took prompt remedial actions to address Thomas's complaint, including firing Thomas's coworker. Nor has Thomas shown a genuine issue of material fact that the alleged harassment was based on Thomas's sex. For

Thomas's retaliation claim, he produced no evidence supporting an inference that the termination of his assignment resulted from protected activity.

Thomas filed lengthy objections that Judge Bryan lacked jurisdiction, and repeating his arguments on each claim. (Docket Entry No. 96). The objections do not change the analysis. This court has jurisdiction under 28 U.S.C. § 1331, and Judge Bryan properly granted summary judgment.

Grundfos's motion for summary judgment, (Docket Entry No. 85), is granted. Grundfos's motion to strike, (Docket Entry No. 91), is moot. Thomas's motion for leave to file a surreply, (Docket Entry No. 93), is moot. Final judgment dismissing this case with prejudice is entered by separate order.

SIGNED on June 17, 2020, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge